# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman, | Case No. 19-cv-3019 (JRT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Morrison County Sheriff's Office, Morrison County, Shawn Larson (sheriff), Scott McKissock (jail administrator), Tim Brummer (jail programmer), Jason Worlie (sheriff's officer), Mark Dzieweczynski (officer), Joan Mushel (correctional officer), Jennifer Orth (correctional officer), Mike Whitlow (correctional officer), Caleb Ochoa (correctional officer), Andy Waltman (correctional officer), Carrie Herman (correctional officer), Ethan Wise (correctional officer), Shannon Anderson (correctional officer), Heidi Swisher (Morrison County assistant attorney), Antoinette Wetzel (Morrison County District Judge), | |
| Defendants. | |

Plaintiff Adam Hageman commenced this matter *pro se* on December 3, 2019. (Compl. [Doc. No. 1].) This matter is presently before the Court for screening of the Complaint under 28 U.S.C. § 1915A. Hageman paid the initial partial filing fee of at least $14.00, within 20 days of this Court's order directing him to do so. (Order on IFP Application [Doc. No. 3].) Now that the fee has been paid, the Court must screen the Complaint pursuant to §1915A to determine which claims and parties may proceed. For

1

the reasons discussed below, this Court will recommend that certain of those claims be dismissed. Service of process as provided by Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1915(d) will be directed by separate order for the claims that the Court finds survive screening and should proceed.

**I.   BACKGROUND**

Hageman's Complaint and accompanying exhibits total 219 pages, of which the primary Complaint comprises the first 46 pages. Hageman has been detained at the Morrison County Jail on multiple occasions. Following a period of incarceration in 2018, he filed a civil rights lawsuit in this Court. *Hageman v. Morrison County*, Case No. 18-cv-1005-JNE-LIB (D. Minn. 2018).[1] He alleges that when he returned to detention at the Morrison County Jail in August of 2019, he was subjected to retaliation and mistreatment as a result of his prior civil rights litigation.[2] (*See generally* Compl.) He alleges that as part of the retaliation, his First Amendment rights to religious freedom and free speech

---

[1] That case was ultimately dismissed under the fugitive disentitlement doctrine. *See Hageman v. Morrison Cty.*, Case No. 18-1005-JNE-LIB (D. Minn.) (Dec. 18, 2018 R. & R. recommending dismissal) (Jan. 16, 2019 Order adopting R. & R.).

[2] It appears from a review of accessible public records that Plaintiff was convicted by jury on May 23, 2018, and then failed to appear on August 15, 2018. *See State v. Hageman*, Case No. 49-CR-16-1124 (Morrison Cty. Dist. Ct..), http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1623469558 (last accessed Apr. 19, 2020). In July or August of 2019, he returned to custody, and he ultimately was sentenced on August 28, 2019. Other than a claim against the sentencing judge, all of the allegations in the Complaint relate to events that occurred prior to August 28, 2019. It is unclear from the information available to the Court whether Plaintiff would be considered a pretrial detainee at the time of those events. Because pretrial detainees receive a slightly more deferential standard of review with regard to Fourteenth Amendment claims, the Court will treat Plaintiff as such for purposes of this Report and Recommendation.

were obstructed. He asserts that the retaliatory behavior was the result of a conspiracy among many individually named defendants, whom he has sued in their personal and official capacities, and that Morrison County should also be held vicariously liable. He brings claims both under 28 U.S.C. § 1983 and under state law.

Construing the Complaint liberally, the Court interprets the Complaint to present the following claims. For ease of reference in the discussion to follow, the Court has numbered them and attempted to indicate where the allegations pertinent to those claims appear in the Complaint, to the extent it is able to discern them.

| Claim | Allegation | Pages in Complaint |
|---|---|---|
| 1A | Interference with First Amendment right of religious freedom: Destruction of a Bible and personal religious keepsakes | 2-5 |
| 1B | Interference with First Amendment right of religious freedom: Disallowance of church attendance and attendance at a retreat weekend. | 6, 9-10, 13, 22 |
| 2 | Retaliation for civil rights lawsuit and interference with First Amendment right of free speech | 4-5, 9-10, 13-14, 22, 27, 32-34, 41 |
| 3 | Violation of right to due process in connection with disciplinary violations | 7-8, 13-14, 16, 19, 34 |
| 4 | Denial of access to courts by confiscating legal materials | 15, 37 |
| 5 | Failure to protect: Threats to physical safety by jail officers | 17-18, 25, 27, 29, 34 |
| 6 | Denial of access to courts by interfering with access to lawyers/law enforcement | 22 |
| 7 | Sexual harassment and favoritism by Mushel | 30-31 |

| 8  | Failure to protect: Threat from a fellow inmate | 32-33 |
|----|--------------------------------------------------|-------|
| 9  | "*Monell* liability"                             | 34    |
| 10 | Conspiracy                                       | 35    |
| 11 | Domestic terrorism                               | 36    |
| 12 | Retaliation by Morrison County Judge Antoinette Wetzel | 41 |
| 13 | Retaliation by Defendant Assistant County Attorney Heidi Swisher | 41 |
| 14 | Vicarious liability by Morrison County           | 44    |
| 15 | Common law battery by Orth                       | 29    |

(Compl. at 1–46.)

## II.   DISCUSSION

Although an individual may qualify to proceed in forma pauperis (IFP), that is not the end of the inquiry. An IFP litigant's claims also must be legally sufficient before the Court will direct service or allow a case to proceed. Under 28 U.S.C. § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) provides that as part of this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Hageman's Complaint qualifies for such review.

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell*

4

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pro se complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

After review of Hageman's Complaint, the Court finds—and has issued a separate order holding—that the following claims are sufficiently pled to proceed past the initial § 1915A screening against Defendants Shawn Larson, Scott McKissock, Tim Brummer, Jason Worlie, Mark Dzieweczynski, Joan Mushel, Jennifer Orth, Mike Whitlow, Andy Waltman, Ethan Wise, and Shannon Anderson, and Morrison County:

- 1A and 1B: Interference with Hageman's exercise of religious freedom;

- 2: Retaliation for Hageman's 2018 federal civil rights lawsuit, *Hageman v. Larson, et al.*, Case No. 18-cv-1005-JNE-LIB (D. Minn. 2018), and interference with Hageman's exercise of his right to free speech;

- 3: Violations of due process by placement in administrative detention or similarly restricted confinement;

- 10: Conspiracy to violate Hageman's rights in furtherance of retaliation;

- 14: Vicarious liability by Morrison County for the above-described conduct of its employees; and

- 15: Common law battery by Defendant Orth.

To be clear, the Court draws no conclusions regarding whether or to what extent any of these claims would survive a motion to dismiss. It only finds that the above-identified claims are sufficient to survive the initial screening and that summonses should be issued and service effected upon the above-named Defendants.

The Court recommends, however, that the following claims be dismissed.

### A. Denial of Access to the Courts—Claims 4 and 6

Hageman alleges conclusorily that on a few occasions he was deprived of access to the courts, but he does not allege any actual injury, and in light of his ability to initiate this case and maintain his other litigation, the Court cannot discern injury. *See, e.g., Johnson v. Esry*, 210 F.3d 379 (8th Cir. 2000); *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (an inmate must allege injury to establish an access-to-the-courts claim). Hageman claims, for example, that he was not provided adequate paper; court briefs he was attempting to write were seized partially written; and he was sometimes prevented from communicating with his lawyer or local authorities. While these issues may have been frustrating, they are insufficient to establish an access-to-the-courts claim without any allegation that harm resulted. Accordingly, the Court recommends dismissal of the access-to-the-courts claims.

### B. Failure to Protect—Claims 5 and 8

If, as the Court has assumed above, Hageman was a pretrial detainee, his claims relating to his physical safety arise under the Fourteenth Amendment's Due Process clause, rather than the Eighth Amendment. *See Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005). Hageman's rights were violated if the conditions of his confinement

6

constituted punishment. *See Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"). Since the Fourteenth Amendment affords "at least as great of protection as that afforded convicted prisoners under the Eighth Amendment," courts commonly use the corresponding Eighth Amendment standard to determine if there was a constitutional violation. *See id.* Here, Hageman appears to be alleging a failure by jail officials to protect him. Under the Eighth Amendment, to establish a failure to protect, a "prisoner/detainee must prove both that the official's acts objectively caused a sufficiently serious deprivation and that the official had a subjectively culpable state of mind." *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998). Hageman alleges that he notified Defendants Anderson, Wise, and Waltman of another inmate's death threat against him, but that Morrison County jail officers took no action in response to the threat. However, he does not allege that he suffered a "serious deprivation" as a result of their alleged failure to act. A pretrial detainee cannot maintain a failure to protect claim if he does not plausibly allege an injury that occurred or the risk of a future serious injury. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010). Therefore, this Court recommends dismissal of Hageman's failure to protect claim regarding a threat from another inmate (Claim 8).

Likewise, Hageman's allegations about threats from jail officers should also be dismissed because Hageman never alleges that he suffered a serious deprivation as a result of the threats, and he is no longer incarcerated at the county jail, so there is no imminent future risk that would suggest the need for injunctive relief. He alleges

7

Defendants McKissock and Brummer made many verbal threats within earshot, but again he does not allege that they caused him an objectively serious mental or physical injury. The most concrete allegation Hageman makes is that Defendant Orth "violently pushed him" one day, but he does not claim that he suffered any injury from the push, nor are the allegations sufficient to support a claim for excessive force.[3] Absent any allegation of objective harm, this Court recommends dismissal of the failure to protect claim against all jail officials (Claim 5). *See Schoelch*, 625 F.3d at 1047.

### C. Sexual Harassment and Favoritism by Mushel—Claim 7

Like a claim for failure to protect, a pretrial detainee's harassment claim is also evaluated through the lens of the Eighth and Fourteenth Amendments. In *McNeal v. Sherburne County*, the court concluded that a pretrial detainee could not maintain a claim for sexual harassment or assault against a jail guard without an allegation of physical touching. Case No. 07-cv-2494-JNE-AJB, 2008 WL 2224882, at *1, 4 (D. Minn. May 27, 2008) (adopting R. & R.). Under 42 U.S.C. § 1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Section 2246 requires intentional physical contact. 18 U.S.C. § 2246. Based on the analysis in *McNeal*, the language of § 1997e, and the facts alleged, Hageman has not

---

[3] Although the Court recommends against allowing this claim to proceed under a theory of failure to protect or excessive force, this Court will allow Hageman's claim that Orth "violently pushed him" (Claim 15) to proceed past the screening stage on a theory of common law battery. (Compl. at 29.)

8

pled a sufficient claim for sexual assault or harassment by Defendant Mushel.  2008 WL 2224882, at *1, 4.  At most, he alleges that Mushel watched him shower, made derogatory remarks about his genitals to the jail population, and showed him favoritism by allowing him to call home from an office in the jail.  None of these allegations state that there was physical touching, so the claim is insufficiently pled to proceed.  This Court recommends dismissal of the sexual harassment claim against Mushel (Claim 7).

### D.     *Monell* liability—Claim 9

Hageman alleges in a single sentence that "*Monell* liability is established." (Compl. ¶ 74.)  But he includes no factual allegations that would establish the requisite premises for such liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  This threadbare legal assertion is insufficient to state a claim. *See Hager*, 735 F.3d at 1013 (recognizing a court may disregard legal conclusions couched as factual allegations).  Therefore, this Court recommends dismissal of Hageman's "*Monell*" claim (Claim 9).

### E.     Domestic Terrorism—Claim 11

Hageman alleges that he was subject to "domestic terrorism," and he cites "U.S.C.S. 2331."  (Compl. at 36.)  Domestic terrorism, as defined by 18 U.S.C. § 2331 (5)(A), involves "acts dangerous to human life that are a violation of the criminal laws of the United States or of any State."  Such acts must be intended to influence a policy of the government or affect the conduct of the government by "mass destruction, assassination, or kidnapping."  18 U.S.C. § 2331 (5)(B)(ii)-(iii). Surrounding provisions of Title 18 discuss criminal penalties, but there is only explicit civil recourse for

9

individuals subjected to "international terrorism." *See* 18 U.S.C. § 2333. Even assuming for the sake of argument, however, that there is civil recourse for "domestic terrorism," Hageman has made only a conclusory mention of Section 2331 and has not alleged facts that correspond to the language or nature of the statute. Accordingly, this Court recommends dismissal of his "domestic terrorism" allegation for failure to state a viable claim (Claim 11).

### F.     Retaliation by Morrison County Judge Wetzel—Claim 12

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A county judge is a state official, so Hageman's official capacity claims against Judge Wetzel are claims against the state. *See, e.g., Tisdell v. Crow Wing Cty.*, Civ. No. 13-2531 (PJS/LIB), 2014 WL 1757929, at *1, 7 (D. Minn. Apr. 30, 2014). The State of Minnesota has not waived sovereign immunity; therefore, this Court has no jurisdiction to consider an official capacity claim against Judge Wetzel, and this Court recommends dismissal of the claim.

As to Judge Wetzel's personal liability, a judge is absolutely immune from suit, including a suit brought under § 1983, unless the judge's actions fall outside of the judge's official judicial capacity, or the actions are taken in the complete absence of all jurisdiction. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1090-91 (8th Cir. 2018).

Allegations of bad faith or malice are not enough to overcome judicial immunity. *Id.* at 1090. Hageman alleges that Judge Wetzel "illegally sentenced him." Hageman was sentenced by Judge Wetzel in a criminal matter. *State v. Hageman*, Case No. 49-CR-16-1124 (Morrison Cty. 2016). Sentencing falls within a judge's official capacity, even if the sentence is erroneous. The Court recommends dismissal of Hageman's individual capacity claim against Judge Wetzel on grounds of judicial immunity (Claim 12).

### G. Retaliation claim against Assistant County Attorney Swisher—Claim 13

Like judges, prosecutors enjoy immunity from lawsuits arising out of actions taken within the scope of their normal duties. *See, e.g., Burns v. Reed*, 500 U.S. 478, 486 (1991) (prosecutors enjoy absolute immunity from § 1983 claims regarding the initiation or presentation of the State's case in a criminal prosecution). Hageman makes no allegation about Assistant County Attorney Swisher other than that she "conspired" with Judge Wetzel in his criminal prosecution. Not only does this conclusory legal allegation fail to state a plausible claim, but it clearly implicates actions taken within the ordinary scope of a prosecutor's duties. Accordingly, the Court recommends dismissal of Claim 13 against Assistant County Attorney Swisher.

### H. Morrison County Sheriff's Office

Hageman named the Morrison County Sheriff's Office as a defendant, but it is recommended that this defendant be dismissed. County sheriff's departments are not legal entities amenable to suit. *See De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam).

### I.     Caleb Ochoa and Carrie Herman

Hageman did not describe any personal involvement by Defendants Ochoa or Herman in the body of the complaint. To allege a sufficient § 1983 claim against an individual defendant, a plaintiff must allege personal involvement of the defendant. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."). This Court recommends dismissal of Defendants Ochoa and Herman because Hageman failed to state any claim against them.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** pursuant to 28 U.S.C. § 1915A(b) that:

1. Claims 4, 5, 6, 7, 8, 9, 11, 12, and 13 be **DISMISSED**;

2. All claims against Defendants Antoinette Wetzel and Heidi Swisher be **DISMISSED**;

3. All claims against the Morrison County Sheriff's Office be **DISMISSED**; and

4. All claims against Defendants Caleb Ochoa and Carrie Herman be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

Dated:  April 22, 2020              s/ *Hildy Bowbeer*
                                    HILDY BOWBEER
                                    United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).