# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman, | Case No. 19-cv-3019 (JRT/HB) |
| Plaintiff, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| Morrison County, Shawn Larson (sheriff), Scott McKissock (jail administrator), Tim Brummer (jail programmer), Jason Worlie (sheriff's officer), Mark Dzieweczynski (officer), Joan Mushel (correctional officer), Jennifer Orth (correctional officer), Mike Whitlow (correctional officer), Andy Waltman (correctional officer), Ethan Wise (correctional officer), and Shannon Anderson (correctional officer), | |
| Defendants. | |

This matter is before the Court on Plaintiff Adam Hageman's Motion to Compel Discovery [ECF No. 79] and Defendants' Motion for Summary Judgment [ECF No. 55]. For the reasons set forth below the Court grants in part and denies in part Hageman's motion to compel and recommends that Defendants' summary judgment motion be denied without prejudice.

## I.    Background

Plaintiff Adam Hageman's Complaint and accompanying exhibits total 219 pages, of which the primary Complaint comprises the first 46 pages.  (Compl. [ECF No. 1].)  He alleges that Morrison County and Morrison County Jail personnel mistreated him and

retaliated against him between July 25 and August 29, 2019, while he was detained at the jail pending sentencing.

Hageman has been held in custody at the Morrison County Jail on several occasions. After a period of custody there in 2018, he filed a civil rights lawsuit against the Morrison County Sheriff's Office and Morrison County Jail personnel. *See Hageman v. Morrison Cnty. Sheriff's Office*, No. 18-cv-1005 (JNE-LIB) (D. Minn. filed Apr. 13, 2018). That lawsuit was dismissed on January 16, 2019, pursuant to the fugitive disentitlement doctrine. *Hageman*, No. 18-cv-1005 (JNE/LIB), slip op. at 1 (D. Minn. Jan. 16, 2019). Hageman was deemed a fugitive from justice after he failed to appear at a sentencing hearing in state court on August 15, 2018, and a bench warrant was issued for his arrest. *Hageman*, No. 18-cv-1005 (JNE/LIB), R. & R. at 2, 6 (D. Minn. Dec. 18, 2018), *adopted by Hageman*, No. 18-cv-1005 (JNE/LIB), slip op. at 1 (D. Minn. Jan. 16, 2019).

In this action, Hageman alleges that when he was apprehended and returned to detention at the Morrison County Jail in July 2019, he was subjected to retaliation and mistreatment as a result of his first civil rights case. (*See generally* Compl.) He alleges that as part of the retaliation, his First Amendment rights to religious freedom and free speech were violated. Hageman asserts that the retaliatory behavior was the result of a conspiracy among many individual Defendants, whom he has sued in their personal and official capacities, and that Morrison County should also be held vicariously liable. His claims arise under 42 U.S.C. § 1983 and state law.

In a Report and Recommendation issued on April 22, 2020, this Court numbered

2

Hageman's numerous claims and identified them by page number in the Complaint.  (R. & R. at 3–4 [ECF No. 5].)  The Court determined that the following claims against Defendants Shawn Larson, Scott MacKissock,[1] Tim Brummer, Jason Worlie, Mark Dzieweczynski, Joan Mushel, Jennifer Orth, Mike Whitlow, Andy Waltman, Ethan Wise, Shannon Anderson, and Morrison County were sufficiently pleaded to survive the 28 U.S.C. § 1915A screening process:

- 1A and 1B:  Interference with Hageman's exercise of religious freedom;

- 2:  Retaliation for Hageman's 2018 federal civil rights lawsuit; *Hageman v. Larson*, No. 18-cv-1005 (JNE/LIB) (D. Minn. 2018), and interference with Hageman's exercise of his right to free speech;

- 3:  Violations of due process by placement in administrative detention or similarly restricted confinement;

- 10:  Conspiracy to violate Hageman's rights in furtherance of retaliation;

- 14:  Vicarious liability by Morrison County for the above-described conduct of its employees; and

- 15:  Common law battery by Defendant Orth.

(R. & R. at 5.)  The Report and Recommendation was adopted on June 30, 2020.  (Order at 2 [ECF No. 20].)  Consequently, the above claims constitute the universe of claims in this action.

Defendants filed a motion for summary judgment [ECF No. 55] on February 1, 2021, seeking summary judgment on all claims.  On February 12, 2021, Defendants' counsel wrote a letter to the Court to explain that video and audio discovery that

---

[1] Defendant Scott MacKissock's last name is misspelled as "McKissock" in the caption of the Complaint. The Court will use the correct spelling.

Defendants had previously produced to Hageman was stored on USB flash drives, which were not allowed at the Minnesota Correctional Facility ("MCF") in Stillwater, Minnesota, where Hageman was incarcerated. (Anderson Ltr. at 1–2 [ECF No. 65].) Thus, Hageman did not receive that discovery in time to review or use it in responding to the summary judgment motion. Counsel wrote that he would re-send the video and audio discovery on DVDs, which were allowed. (*Id.*) Meanwhile, Hageman was transferred from MCF-Stillwater to MCF-Faribault, which further complicated the transmission of motion filings and discovery materials to Hageman. (*Id.* at 2–3.) On February 16, 2021, this Court ordered Defendants to mail Hageman all remaining discovery, in a format acceptable to MCF-Faribault, no later than February 26, 2021; and extended the deadline for Hageman to respond to Defendants' summary judgment motion to April 5, 2021. (Order at 2 [ECF No. 69].)

## II.    Motions to Compel Discovery

On November 16, 2020, Hageman filed his first motion to compel discovery. (Pl.'s Mot. Compel [ECF No. 42.] The Court denied the motion but instructed Defendants to treat the filing as a Rule 34 request for documents and respond accordingly. (Order at 2, Nov. 25, 2020 [ECF No. 50].) The motion listed nine discovery requests. Relevant here, Request No. 6 asked for video footage of a meeting on August 21, 2019, between Hageman and Defendants Brummer and MacKissock; Request No. 7 asked for all video footage of encounters between Hageman and Defendant Orth; and Request No. 8 asked for all video footage of the cell block and booking office when Hageman was present between July 25, 2019, and September 1,

4

2020.  (Pl.'s Mot. Compl. at 3–4.)

According to Defendants' discovery responses, they provided some video footage in response to Requests Nos. 6 and 7.  (Defs.' Answers to Pl.'s Interrogatories & Requests for Documents at 4 [ECF No. 51].)  In response to Request No. 8, Defendants explained that the Morrison County Jail retains surveillance video for 90 days; after 90 days, video footage is recorded over.  (*Id.*)  Pursuant to that practice, most of the video footage responsive to Request No. 8 no longer exists.  (*Id.*)  Morrison County Jail personnel downloaded and saved some video clips from that time period, however, and that video has been provided to Hageman.  (*Id.*)

Hageman filed a second motion to compel, which is the motion now before the Court, on April 5, 2021.  He moves to compel (1) video footage of a jail hearing that occurred on August 13, 2019, which Hageman claims falls under Request No. 8; (2) video footage covering the period of time from 6:30 a.m. to 10:00 p.m. on August 21, 2019; and (3) eights discs of video footage that Defendants gave to an investigator from Crow Wing County.[2]  (Pl.'s Mot. at 4 [ECF No. 79]; *see* Defs.' Opp'n at 6 [ECF No. 83].)  Defendants oppose the motion to compel.  They contend that (1) the video footage

---

[2] According to Defendants, the discs were given to an investigator from Crow Wing County as part of an investigation into Hageman's allegations against Morrison County Jail staff.  (Defs.' Mem. at 8.)  Although Defendants do not describe those allegations or the result of the investigation, Defendants point the Court to a page from an incident report, submitted by Hageman in his opposition to their motion for summary judgment.  (Defs.' Mem. at 8 n.1 (citing Hageman Decl. [ECF No. 76-3 at 9].)  The incident report does not describe the nature of the incident, but the subject of the investigation is named as Joan Mary Muschel.  (Hageman Decl. [ECF No. 76-3 at 9].)  Joan "Mushel" is named as a defendant to this action.  Defendant Jason Worlie is also mentioned as someone involved in the incident.  (*Id.*)

from August 13 is not responsive to any discovery request, because the hearing did not occur in the cell block or booking office; (2) the video footage from August 21 no longer exists, due to the Morrison County Jail's retention and re-recording practice; and (3) the eight discs of video footage that were given to Crow Wing County are no longer in Defendants' possession, custody, or control.  (Defs.' Resp. at 6–8.)[3]

**A.    Video Footage of Jail Hearing on August 13, 2019**

Hageman moves to compel video footage of the jail hearing on August 13, 2019. The Court agrees with Defendants that this video footage does not fall within the scope of any discovery request.  Document Request No. 8 sought video footage of cell block and booking areas, but the jail hearing occurred in a classroom.  (MacKissock Decl. ¶ 13.) Therefore, the Court denies this aspect of the motion to compel.

**B.    Video Footage from August 21, 2019**

Hageman moves to compel video footage from August 21, 2019.  Defendants have produced to Hageman the two video clips from this date that they had preserved and maintained; the remainder of the video footage from that date no longer exists and cannot be produced.  The Court cannot order the production of videos that no longer exist. Consequently, this aspect of the motion is denied.

---

[3] Defendants did not oppose the motion on the grounds it was not timely filed under the pretrial scheduling order.  Nevertheless, in view of Hageman's pro se status and the untimely production of discovery by Defendants, the Court finds good cause to extend the nondispositive motion deadline for the limited purpose of allowing Hageman's current motion to compel.

### C.    Video Footage Given to Crow Wing County

Hageman moves to compel eights discs of video footage that Defendants turned over to Crow Wing County.  Defendants oppose the motion on the basis that the video footage is no longer in their possession, custody, or control.  The Court disagrees.

Federal Rule of Civil Procedure 34(a) provides that a party may discover documents and tangible things in another party's "possession, custody, or control." Documents and things "are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand."  *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)).

The Court finds here that Defendants have possession, custody, or control over the eight discs they gave to Crow Wing County because they have "the legal right, authority, or ability to obtain upon demand" the videos from Crow Wing County.  *See id.* (quoting *Florentia Contracting Corp. v. RTC*, No. 92-cv-1188, 1993 WL 127187, at *3 (S.D.N.Y. Apr. 22, 1993)).  Accordingly, this aspect of Hageman's motion is granted, and Defendants are ordered to obtain the video footage given to Crow Wing County and produce a copy to Hageman in a format acceptable to the facility where he is currently incarcerated no later than **June 1, 2021**.

## III.    Defendants' Motion for Summary Judgment

Defendants filed their motion for summary judgment on February 1, 2021.  The motion was automatically referred to the undersigned for a report and recommendation.

The filing date and the referral of the motion, in light of the discovery that remains to be completed and its potential relevance to the summary judgment motion, compel the Court to recommend that the summary judgment motion be denied without prejudice.

Under the Civil Justice Reform Act of 1990 ("CJRA"), each federal judicial officer must report "the number of motions that have been pending for more than six months and the name of each case in which such motion has been pending." 28 U.S.C. § 476(a)(1). Based on the filing date of February 1, 2021, Defendants' motion for summary judgment will be reportable on August 1, 2021, and if the motion is still pending as of September 30, 2021, the motion will be included on the semiannual published CJRA report. The purpose of the CJRA is to reduce costs and delays in civil litigation, *see* Civil Justice Reform Act of 1990, Pub. L. 101-650, § 102, 104 Stat. 5089 (1990), and thus having to report a motion on the CJRA report is undesirable.

District of Minnesota Local Rule 72.2 governs a district judge's consideration of a magistrate judge's rulings. When a motion is referred to magistrate judge for a report and recommendation, Local Rule 72.2(b) allows any party to file a written objection to the report and recommendation within 14 days of being served with it, and any other party may respond to the objection within 14 days of service. Thus, the earliest a district judge could rule on a report and recommendation would be 28 days after it is issued, and that timeline does not account for delays caused by mail or docketing, requests for extensions, substantive review of the report and recommendation, and writing an order resolving any objections and ruling on the report and recommendation.

Ordinarily, to account for these time constraints and the CJRA reporting

requirement, this Court would aim to issue a report and recommendation on Defendants' summary judgment motion no later than August 1, 2021. But the Court cannot be sure that Hageman will receive and be able to review the footage and incorporate it into his response to the summary judgment motion in time for the Court to meet that deadline, particularly given the limitations for incarcerated individuals on access to law library resources as a result of COVID. Consequently, the Court reluctantly concludes that Defendants' current motion for summary judgment cannot remain pending while the parties complete discovery and Hageman prepares his response to the summary judgment motion. Indeed, Defendants may wish to rely on and incorporate the missing video footage into their own motion for summary judgment. Therefore, the Court recommends that Defendants' motion for summary judgment be denied without prejudice.

To allow the parties time to complete discovery and, should they choose, incorporate the missing video footage into their summary judgment filings, the Court will extend the deadline for dispositive motions. All dispositive motions must be filed and served, together with the memorandum of law and all supporting documents, on or before **July 1, 2021**. Responses to dispositive motions must be filed and served, together with the memorandum of law and all supporting documents, no later than **thirty days** following service of the original motion. Any reply brief must be filed and served no later than **fourteen days** following service of the response. The Court refers the parties to the Pretrial Scheduling Order [ECF No. 22] for additional deadlines and requirements pertaining to dispositive motion practice.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Adam Hageman's Motion to Compel Discovery [ECF No. 79] is **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein.

2. Defendants must obtain the video footage given to Crow Wing County and produce it to Hageman in a format acceptable to the facility where he is currently incarcerated no later than **June 1, 2021**.

3. All dispositive motions must be filed and served, together with the memorandum of law and all supporting documents, on or before **July 1, 2021**. Responses to dispositive motions must be filed and served, together with the memorandum of law and all supporting documents, no later than **thirty days** following service of the original motion. Any reply brief must be filed and served no later than **fourteen days** following service of the response.

**IT IS HEREBY RECOMMENDED** that Defendants' Motion for Summary Judgment [ECF No. 55] be **DENIED WITHOUT PREJUDICE**.

Dated: April 30, 2021                    _s/ Hildy Bowbeer_____
                                         Hildy Bowbeer
                                         United States Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).